DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

ROBIN CASEY BISHO

                Debtor(s)

Chapter 13
Case No.  15-50310 SLJ

TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

341 Meeting: Date: MARCH 16, 2015 @ 9:30 AM
Initial Confirmation Date: MARCH 31, 2015
Initial Confirmation Time: 9:55 AM
Place: 280 S. 1st Street Room 3099
      San Jose, CA
Judge:  Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this UNKNOWN% Plan for the following reasons:

1. Fed.R.Banker.P. 3015 is not met because the debtor's Chapter 13 Plan was not filed with the Petition or within 14 days of the filing of the Petition.  Since the plan was not filed in time to be served with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines.  The debtors must serve all creditors with the Chapter 13 Plan, along with the **applicable** "Notice to Creditors Regarding Plan Provisions," and the "Order Establishing Procedures for Objection to Confirmation."

2. The debtor has failed to comply with 11 U.S.C. § 342(a) and Fed. R. Bankr. P 2002. Mark Bisho was omitted from the Creditor Matrix filed January 30, 2015 and was not noticed of the filing of this case. The debtor must serve said creditors with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines and the Chapter 13 Plan, along with the **applicable** "Notice to Creditors Regarding Plan Provisions," and the "Order Establishing Procedures for Objection to Confirmation."

3. The debtor has failed to comply with 11 U.S.C. §521(a)(1) and Fed. R. Bankr. P. 1007(a)(1). The mailing matrix includes CA State Board of Equalization but this creditor is not listed in any of the debt schedules. The Trustee requests that the debtor amend the appropriate debt schedule to include this creditor.

4. The debtor has not complied with 11 U.S.C. § 1321 as the debtor failed to sign the Chapter 13 Plan. The debtor must file an amended Plan.

5. The debtor has not complied with 11 U.S.C. § 1321 as the debtor failed to provide the interest rate to unsecured creditors in Section 2(d). The debtor must file an amended Plan.

6. The debtor has failed to elect a vesting option under Section 6 of the Plan. This omission in the plan language prevents the Trustee from being able to determine whether the plan is confirmable pursuant to 11 U.S.C. § 1325(a). The debtor must file an amended Plan.

7. The plan does not comply with 11 U.S.C. § 1325(a)(5). The debtor has listed Bank of America on Schedule D, but has omitted them from the plan. An Amended Plan must be filed to provide for this creditor.

///

///

Trustee's Obj to Confirmation – 15-50310 SLJ

Case: 15-50310   Doc# 17   Filed: 03/06/15   Entered: 03/06/15 14:39:05   Page 2 of 5

8. The Trustee is unable to determine whether the plan is feasible pursuant to 11 U.S.C. § 1325(a)(6). The debtor has failed to list all her monthly expenses from Schedule J. The debtor must file an amended Schedule J accordingly.

9. The debtor has not complied with 11 U.S.C. § 521(a)(1) as the debtor failed to file the Form 22C-1 and Form 22C-2.

10. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. The debtor omitted the fair market value for real property located at 645 34th Avenue, Santa Cruz from Schedule A. The debtor must amend Schedule A accordingly.

11. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. The debtor lists the value as "unknown" on line 13, 20, 24, 28, 29 and 30 on Schedule B. The debtor must amend Schedule B to list a dollar amount for each item.

12. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. Pursuant to Schedule C it appears the debtor failed to list her cash on hand on Schedule B. The debtor must amend Schedule B accordingly.

13. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. Pursuant to Schedule C it appears the debtor failed to list the value of her wearing apparel from Schedule B. The debtor must amend Schedule B accordingly.

14. The plan is in violation of 11 U.S.C. § 1325(a)(4), in that creditors would receive more under Chapter 7 liquidation. There is excess equity in the debtor's real or personal property in the amount of $1,191,100.00. Unsecured creditors must receive no less than 100%, plus interest at .17%.

///

///

15. The debtor has failed to comply with 11 U.S.C. § 521 (a)(1)(B)(iii). The Statement of Financial Affairs, #1 fails to list the debtor's employment income for 2013, 2014 and 2015. The debtor must file the Statement of Financial Affairs to list omitted income.

16. The debtor has failed to provide the Trustee with copies of pay advices or other evidence of payment received within sixty (60) days before the date of the filing of the petition in contravention of 11 U.S.C. § 521(a)(1)(B)(iv). If the debtor cannot provide copies of the payment advices, a declaration signed by the debtor under penalty of perjury must be provided pursuant to the Order Re: Filing of Payment Advices in effect for the San Jose Division of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reason that the pay advices are unavailable and should state the debtor's estimate of payments received and provide other evidence, if any, of the payments received.

17. The debtor has not complied with 11 U.S.C. § 521(e)(2)(A)(i) and (B) as the debtor has not provided the Trustee with a copy of her 2014 filed tax return.

THE TRUSTEE STRONGLY RECOMMENDS DEBTOR CONTACT AN EXPERIENCED CHAPTER 13 ATTORNEY FOR ASSISTANCE. DEBTOR'S FAILURE TO COMPLY WITH THE BANKRUPTCY CODE MAY RESULT IN DISMISSAL OF THE CASE.

Dated: March 6, 2015 /S/ Devin Derham-Burk

_____

Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I hereby declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave., Bldg. C-100, Los Gatos, CA 95032. I served the within Objection to Confirmation, by placing same in an envelope in the U.S. Mail at Los Gatos, California on March 6, 2015. Said envelopes were addressed as follows:

| | |
|---|---|
| ROBIN CASEY BISHO<br>321 33RD AVE<br>SANTA CRUZ CA 95062 | PRO SE |

/S/ Clotilde Costa
Office of Devin Derham-Burk, Trustee